IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 4, 2021

**STATE OF TENNESSEE v. DONALD JOHNSON**

**Appeal from the Circuit Court for McNairy County**
**No. 4244     J. Weber McCraw, Judge**

_____

**No. W2020-01050-CCA-R3-CD**

_____

The Defendant, Donald Johnson, pled guilty to three counts of aggravated sexual battery, a Class B felony, and three counts of rape of a child, a Class A felony. See Tenn. Code Ann. § 39-13-504, -13-522. The trial court imposed a total effective sentence of eighty years. In this appeal as of right, the Defendant contends that the trial court erred in imposing consecutive sentences and that the trial court failed to consider mitigating factors. Following our review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and TIMOTHY L. EASTER, J., joined.

Jamie Lee Lowrance, Selmer, Tennessee, for the appellant, Donald Johnson.

Herbert H. Slatery III, Attorney General and Reporter; Samantha L. Simpson, Assistant Attorney General; Mark Edward Davidson, District Attorney General; and Lisa Miller, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On June 11, 2020, following an eighteen-count indictment for sexual abuse of a minor victim, the Defendant pled guilty to three counts of aggravated sexual battery and three counts of rape of a child. The State agreed to dismiss the remaining twelve counts. At the sentencing hearing on June 19, 2020, the parties stipulated to the plea agreement as announced by the trial court and the State and the Defendant presented statements.

During the sentencing hearing, the State read the victim impact statement into the record:

> I used to look up to you[,] but now I hate you because you took my life away from me. Because of this[,] I want you dead. At this point[,] I can't even talk about it because it's too hard to think about. When I think about what happened I have images of all that you did to me and I don't even want you to look at me. You took my virginity away from me[,] and I can never get that back. I feel like I don't have a spot in this world. There are so many things that I used to want to do[,] but now I'm not sure I want to, things like being a mom, being in a relationship when I get older, and having a successful career like being a doctor or a veterinarian. You took my life from me and now yours will be taken from you. I hope what you did to me is what is done to you.

The State asked the court to sentence the Defendant to "more than the minimum sentence in each count and for the court to run at least [the two rape of a child convictions] consecutively." The State argued that two enhancement factors should be applied, that the victim of the offense was particularly vulnerable because of age, physical, or mental disability, and the offense involved a victim and was committed to gratify the Defendant's desire for pleasure or excitement.

The Defendant argued that his criminal conduct did not threaten or cause bodily injury. He asked for a minimum sentence of twenty-five years. The Defendant further stated that he had "serious health issues." The Defendant asserted that he considered the victim in his decision not to go to trial and that he was cooperative and honest after he was arrested. The Defendant read his prepared statement into the record:

> I, Donald Lee Johnson, III, first would like to say I'm sorry to [the victim] for all the pain and trauma I've caused her. If I could turn back time, and I wish I could, I would do anything I could to change my activities and take away all the hurt and pain from her. I would like to apologize to her family and to her foster family for them having to endure the pain and suffering caused by my poor actions. To my family I would like to say I'm sorry for all the pain I've cause them in this situation. I would like to apologize to the [c]ourt for taking up [its] time due to my poor actions. If it wasn't for my poor choices I wouldn't be here today. I sit before you right now and ask for mercy and beg for it in my sentencing due to my chronic health issues. I do not believe I will survive a lengthy stay in prison. Therefore, I leave the judgment of my sentence in your hands, Your Honor.

The court found that the Defendant was a Range I, standard offender. The trial court considered the evidence from the presentence report and the guilty plea hearing, as well as the nature and characteristics of the conduct involved. The court did not find any mitigating factors and found that the enhancing factors offered by the State included elements of the crimes for which the Defendant pled guilty and were not applicable. The court also considered the victim's statement and the Defendant's statement for potential rehabilitation or treatment.

The court indicated that the Defendant would be placed on the Sex Offender Registry for life. Relative to consecutive sentencing, the court found that the Defendant had been convicted of "two or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances[.]"

With regard to the three counts of aggravated sexual battery, the court sentenced the Defendant to ten years to be served at one hundred percent. In regard to the three counts of rape of a child, the court sentenced the Defendant to thirty-five years to be served at one hundred percent. The three counts of aggravated sexual battery were to run concurrently with each other, but consecutively to the rape of a child sentences. The first two counts of rape of a child were to run consecutively to each other, but concurrent with the remaining count. The Defendant received a total effective sentence of eighty years.

## ANALYSIS

The Defendant argues that the trial court abused its discretion when it ordered consecutive sentencing and when it failed to consider mitigating factors. The State responds the trial court did not abuse its discretion.

When an accused challenges the length of a sentence, this court reviews the trial court's sentencing determination under an abuse of discretion standard accompanied by a presumption of reasonableness. State v. Bise, 380 S.W.3d 682, 707 (Tenn. 2012). The burden of showing that a sentence is improper is upon the appealing party. See Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Cmts.; see also State v. Arnett, 49 S.W.3d 250, 257 (Tenn. 2001).

Before a trial court imposes a sentence upon a convicted criminal defendant, it must consider: (1) the evidence adduced at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on the enhancement and mitigating factors set forth in Tennessee Code Annotated sections 40-35-113 and 40-35-114; (6) any statistical information provided by the Administrative Office of the Courts

as to Tennessee sentencing practices for similar offenses; (7) any statement the defendant wishes to make on the defendant's own behalf about sentencing; and (8) the result of the validated risk and needs assessment conducted by the department and contained in the presentence report. Tenn. Code Ann. § 40-35-210(b).

This court will uphold the trial court's sentencing decision "so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." Bise, 380 S.W.3d at 709-10. Moreover, under such circumstances, appellate courts may not disturb the sentence even if we had preferred a different result. See State v. Carter, 254 S.W.3d 335, 346 (Tenn. 2008). Those purposes and principles include "the imposition of a sentence justly deserved in relation to the seriousness of the offense," Tennessee Code Annotated section 40-35-102(1), a punishment sufficient "to prevent crime and promote respect for the law," Tennessee Code Annotated section 40-35-102(3), and consideration of a defendant's "potential or lack of potential for ... rehabilitation," Tennessee Code Annotated section 40-35-103(5); Carter, 254 S.W.3d at 344. Ultimately, in sentencing a defendant, a trial court should impose a sentence that is "no greater than that deserved for the offense committed" and is "the least severe measure necessary to achieve the purposes for which the sentence is imposed." Tenn. Code Ann. § 40-35-103(2) & (4).

When reviewing a trial court's imposition of consecutive sentences, "the presumption of reasonableness applies," which gives "deference to the trial court's exercise of its discretionary authority to impose consecutive sentences if it has provided reasons on the record establishing at least one of the seven grounds listed in Tennessee Code Annotated section 40-35-115(b)." State v. Pollard, 432 S.W.3d 851, 861 (Tenn. 2013). "Any one of [the] grounds [listed in section 40-35-115(b)] is a sufficient basis for the imposition of consecutive sentences." Id. at 862 (citing State v. Dickson, 413 S.W.3d 735 (Tenn. 2013)).

Here, the trial court concluded that consecutive sentences were warranted under subsection (5) of section 40-35-115(b). Subsection (5) provides that a trial court may impose consecutive sentences when the defendant is convicted of two or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and the victim or the victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims. Not all of the aggravating circumstances listed in subsection (5) need to be present to justify consecutive sentencing, and consecutive sentencing may still be appropriate under subsection (5) "even when one factor militates against [it] if the other aggravating circumstances have been established and carry sufficient weight." State v. Doane, 393 S.W.3d 721, 738 (Tenn. Crim. App. 2011).

The court found that the aggravating circumstances were supported by the facts of this case. The proof presented at the sentencing hearing supported the court's finding that the Defendant's sexual activity went undetected for a long period of time. In addition, the victim's statement established that she suffered mental damage from the abuse. The court's imposition of partial consecutive sentences was not error.

The weight to be afforded an enhancement or mitigating factor is left to the trial court's discretion so long as its use complies with the purposes and principles of the 1989 Sentencing Act and the court's findings are adequately supported by the record. Tenn. Code Ann. § 40-35-210(d)-(f); Carter, 254 S.W.3d at 342-43. Moreover, misapplication of an enhancement or mitigating factor no longer "invalidate[s] the sentence imposed unless the trial court wholly departed from the 1989 Act, as amended in 2005." Bise, 380 S.W.3d at 706. Accordingly, this court will uphold the trial court's sentencing decision "so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." Id. at 709-10.

In this case, there is no evidence in the record before us that the offenses caused or threatened serious bodily injury. However, as we have said before, failing to properly apply mitigating or enhancement factors does not, standing alone, invalidate the sentence imposed. The trial court properly considered the "nature and the characteristic of the criminal conduct involved" and the resulting sentence is in compliance with the purposes and principles of the Sentencing Act. The Defendant is not entitled to relief.

## CONCLUSION

Based upon the foregoing, the judgments of the trial court are affirmed.

_____
D. KELLY THOMAS, JR., JUDGE

-5-